UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>JOHN DOE,<br><br>    Defendant. | Case No.18-cv-03082-NC<br><br>**ORDER GRANTING RENEWED JOINT MOTION TO PERMIT DEFENDANT TO RESUME HIS PSEUDONYM STATUS AND MOTION TO SEAL**<br><br>Re: Dkt. No. 37 |

On April 5, 2019, the Court granted in part and denied in part the parties' joint motion to permit defendant John Doe to resume his pseudonym status and motion to seal. *See* Dkt. No. 36. The Court permitted Doe to resume his pseudonym status but denied the motion to seal as not narrowly tailored. *See id.* at 2–3. The parties now renew their motion to seal. *See* Dkt. No. 37.

There is a presumption of public access to judicial records and documents. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). Access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as

1    the use of records to gratify private spite, promote public scandal, circulate libelous

2    statements, or release trade secrets." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d

3    1172, 1179 (9th Cir. 2006) (quoting *Nixon*, 435 U.S. at 598).

4        In this district, sealing motions must be "narrowly tailored to seek sealing only of

5    sealable material." Civil L.R. 79-5(b). A party moving to seal a document in whole or in

6    part must file a declaration establishing that the identified material is "sealable." Civil

7    L.R. 79-5(d)(1)(A). Parties must also attach a proposed order and redacted versions of the

8    documents sought to be filed under seal. Civil L.R. 79-5(d)(1)(A)–(C).

9        Here, the Court addresses a motion to seal eight docket entries and court filings that

10   reveal Doe's true identity. The sealed portions are more than tangentially related to the

11   merits of the case. Therefore, the compelling reasons standard applies to this sealing

12   motion. *See Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003).

13       As the Court stated in its April 5 order, Doe is accused by plaintiff Strike 3

14   Holdings, LLC of downloading and distributing pornographic content. *See* Dkt. No. 36 at

15   2. Such allegations goes to matters of a sensitive and highly personal nature and may

16   threaten "personal embarrassment or social stigmatization . . . ." *Roes 1–2 v. SFBSC*

17   *Mgmt., LLC*, 77 F. Supp. 3d 990, 994 (N.D. Cal. 2015). Given that the parties have settled

18   without any admission of liability (*see* Dkt. No. 30), court filings and docket entries

19   revealing Doe's identity could be used to "gratify private spite [or] circulate libelous

20   statements . . . ." *Kamakana*, 447 F.3d at 1179. Thus, compelling reasons sufficient to

21   outweigh the public's interest in disclosure of Doe's true identity exist.

22       The parties' sealing motion is also narrowly tailored. The redacted versions of the

23   documents sought to be sealed limit redactions to Doe's name, address, and the name of

24   his employer. *See* Dkt. Nos. 37-1 ("Amended Complaint", 37-2 ("Proposed Summons"),

25   37-3 ("Pro Hac Vice Application"), 37-4 ("Answer"), 37-5 ("Notice of Settlement"), 37-6

26   ("Notice of Voluntary Dismissal"). Docket entries 14 and 19 also contain Doe's name.

27   *See* Dkt. Nos. 14 (issuing summons to Doe); Dkt. No. 19 (order granting pro hac vice

28   application).

Accordingly, the Court GRANTS the parties' motion to seal docket entries 12, 13, 14, 18, 19, 20, 30, and 34. The clerk is directed to redact Doe's name from docket entries 14 and 19.

**IT IS SO ORDERED.**

Dated: April 22, 2019

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

3